JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ARCARE, INC., on behalf of itself and all others similarly situated

**(b)** County of Residence of First Listed Plaintiff    Woodruff, AR
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

KENNETH J. GRUNFELD, ESQUIRE, 1835 Market Street, Suite 2900 Phila, PA 19103 Tel: (215) 985-9177

## DEFENDANTS

ITF PHARMA, INC.

County of Residence of First Listed Defendant    Chester, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [ ] 2   U.S. Government Defendant
- [x] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [x] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1   Original Proceeding
- [ ] 2   Removed from State Court
- [ ] 3   Remanded from Appellate Court
- [ ] 4   Reinstated or Reopened
- [ ] 5   Transferred from Another District *(specify)*
- [ ] 6   Multidistrict Litigation - Transfer
- [ ] 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
47 U.S.C. § 227 and 47 C.F.R. § 64.1200

Brief description of cause:
Violation of the Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:

[x] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
Greater than $5 million

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE         DOCKET NUMBER

DATE   03/01/2021

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _ARcare Corporate Headquarters 119 S 2nd St, Augusta, AR 72006_

Address of Defendant: _ITF PHARMA, INC.,  850 Cassatt Rd #350, Berwyn, PA 19312_

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   _____
  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

Must sign here

---

**CIVIL: (Place a √ in one category only)**

*A.   Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
   *(Please specify):* _____TCPA_____

*B.   Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

### ARBITRATION CERTIFICATION

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: **03/01/2021**   _____   **84121**
  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

Sign here if applicable

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARCARE, INC., on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ITF PHARMA, INC.,<br><br>        Defendant. | Case No.: *TO BE ASSIGNED*<br><br><br>**CLASS ACTION COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ARcare, Inc. ("Plaintiff"), on behalf of itself and all others similarly situated, brings this Complaint against ITF Pharma, Inc. ("ITF" or "Defendant"), for violations of the Telephone Consumer Protection Act. Plaintiff seeks certification of its claims against Defendant as a class action.  In support, Plaintiff states as follows:

## INTRODUCTION

1.     This case challenges Defendant's policy and practice of faxing unsolicited advertisements. In or around April 2020, Defendant faxed an unsolicited and unwanted advertisement to Plaintiff which is attached as Exhibit A.

2.     Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the fast-growing expansion of the telemarking industry.  As is pertinent here, the TCPA and its implementing regulations prohibit persons within the United States from sending unsolicited advertisements via fax.

3.     Junk faxes disrupt recipients' peace; drain recipients' paper, ink, and toner; and cause recipients tangible damages. Junk faxes also cause recipients to waste valuable time retrieving and discerning the purpose of the faxes, prevent fax machines from receiving and

sending authorized faxes, and cause undue wear and tear on recipients' fax machines. Plaintiff offers clinical and pharmaceutical services and must use its fax machine to receive communications about patients, including vital information such as prescriptions and insurance information. That purpose is impeded when Plaintiff's fax machine is invaded by junk faxes. As recognized by Congress in enacting the TCPA, junk faxes are a significant problem interfering with modern commerce. As discussed below, this is particularly true for healthcare providers like ARcare, which still rely significantly on faxes to communicate vital information about patients such as prescriptions and insurance information.

4.      ARcare is a healthcare provider that was established in 1986. ARcare provides medical and pharmacy services through its more than thirty locations, which are primarily in rural areas in Arkansas. ARcare operates family practices, specialized medical care such as cardiology and chronic disease treatment, dental practices, and pharmacies. As a medical provider, ARcare relies upon fax machines to operate and provide services to its patients. ARcare conservatively estimates that it receives several thousand unwanted and unsolicited faxes each year. ARcare must wade through dozens of unsolicited faxes from pharmaceutical and other companies selling their products to find vital incoming faxes, such as prescription refills and insurance authorizations. It was this harm that Congress recognized in passing the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").[1]

---

[1] "Unsolicited advertising is beginning to clog fax lines, restricting the owners' ability to use their machines for the purposes they originally bought them for and generating operating costs the users can't control. Unlike junk mail, which can be discarded, or solicitation phone calls, which can be refused or hung up, junk fax ties up the recipient's line until it has been received and printed. The recipient's machine is unavailable for business and he or she incurs the high cost for supplies before knowing whether the message is either wanted or needed." 135 Cong. Rec. E 1462 (May 2, 1989, statement of Rep. Edward Markey, 101 Cong.) Representative Markey further testified: "To quote an article from the Washington Post, 'receiving junk fax is like getting junk mail with postage due.' Succinctly put, using a facsimile machine to send unsolicited advertising not only

5.      The TCPA provides a private right of action and statutory damages of $500 per violation, which may be trebled when the violation is willing or knowing.

6.      On behalf of itself and all others similarly situated, Plaintiff brings this case under the TCPA to recover declaratory relief, damages for violations of the TCPA, and an injunction prohibiting Defendant from future TCPA violations.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as the claims alleged herein arise under the Telephone Consumer Protection Act, 47 U.S.C. § 277.

8.      This Court has general personal jurisdiction over Defendant because its principal place of business is in Berwyn, Pennsylvania.

9.      Venue in this district is proper because it is where Defendant's principal place of business is located.

## PARTIES

10.     Plaintiff ARcare is an Arkansas non-profit corporation located in Augusta, Arkansas.

11.     Defendant is a corporation formed under the laws of the State of Delaware and which has its principal place of business in Berwyn, Pennsylvania. Defendant describes itself as having a "main emphasis . . . on sales and marketing of neurology, women's health and urology products."[2] ITF has two divisions, Womens Choice Pharmaceuticals and Edwards Pharmaceuticals. Via its Womens Choice Pharmaceuticals division, ITF sells a variety of

---

shifts costs from the advertiser to the recipient, but keeps an important business machine from being used for its intended purpose." 136 Cong. R. H 5818 (July 30, 1990), 101st Cong. 2nd Sess., statement of Rep. Markey, p. 5).

[2] https://itfpharma.com/what-we-do/ (last visited 2/25/2021).

prescription drugs including NestabsONE, NestabsDHA, Nestabs, Irospan 24/6, Urogesic Blue, Fem PH and ProCort.

## FACTS

12.     On or around April 24, 2020, Defendant sent a three-page unsolicited advertisement to Plaintiff's ink-and-paper facsimile machine located in Arkansas. The fax advertised the commercial availability of Defendant's products, NestabsONE, NestabsDHA, Nestabs, Irospan 24/6, Urogesic Blue, Fem pH, and ProCort (collectively, the "Products"). A copy of this facsimile is attached hereto and marked as Exhibit A.

13.     The first page of the fax is a letter on ITF Pharma letterhead addressed "To all pharmacist, pharmacy techs and staff:" The faxed letter states:

- "As a healthcare professional who treats people with conditions addressed by our product portfolio, ITF knows that you are committed to providing your patients with the highest standard of care during this viral outbreak."

- "ITF Pharma is dedicated to providing support and services for patients. Our portfolio of products will continue to be available at local pharmacies and wholesalers."

- "Attached to this fax are copies of the vouchers your patients receive from their medical providers or download from our website at www.wcpharma.com. The coupons on this attachment are for you to keep and run as a secondary on your patient prescriptions. The numbers are universal and can be used for all of your patients and have unlimited refills."

- "Your insured covered patients can receive up to 30 Urogesic Blue tablets for no more than $30 with the coupon. Your cash pay patients will pay $50 for the same

4

30 tabs. Procort is $50 for a 60 gram tube for your insured covered patients and $75 for cash payers. FemPH is $35 for a 50 gram tube for insured covered and $50 for cash pay."

- "If you have any questions please do to (sic) hesitate to reach out to me."

Ex. A.

14.     This letter was signed by Scott Kennedy, and includes an email address, phone number and a link to the website www.wcpharma.com.  Based upon information and belief, Scott Kennedy is a Sales Representative at ITF Pharma/Women's Choice Pharmaceuticals. *See* Exhibit B, a LinkedIn profile of Scott Kennedy.  Mr. Kennedy describes himself and his job as:

> I am a growth-focused and service-oriented Sales Representative with expertise in developing sales strategies, presenting products in a competitive manner, and building brand trust to achieve high business retention. I centralize focus on obtaining high conversion rates, upselling, and adding value to customer purchases. I am a clear communicator able to conduct consultations, identify customers' needs, and connect them with quality products. I am also skilled in tracking revenue growth, planning territory routes, drafting documentation, and utilizing solutions-based problem-solving.

Ex. B.

15.     Page two of the fax is a "Pharmacy Fact Sheet" which describes the like, kind and quality of the various drugs offered for sale by ITF.  It includes product logos, production information, and the manner in which the product is supplied (*i.e.* carton contains 4 blister cards containing 30 tables (24 light blue tablets and 6 white tablets)).

16.     Page three of the fax attaches coupons for ITF products and states, "Pay No More Than $30" for Urogesic Blue; "**Instant Savings** Pay No More than $50" for ProCort; "INSTANT SAVINGS" and "Pay No More Than $35" for NestabsDHA, Nestabs, NestabsONE, FemPH and Irospan 24/6.

17.    Upon information and belief, Plaintiff has received multiple fax advertisements from Defendant similar to Exhibit A.  The majority of junk faxes received by ARcare, similar to those received by all Class Members, are immediately thrown into the trash. Accordingly, not all faxes received by ARcare during the statutory period have been retained. Exhibit A is similar to these additional faxes, because upon information and belief, Defendant sent additional unsolicited faxes advertising its products but not necessarily these *exact* faxes.

18.    The TCPA defines an "advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services." 47 U.S.C. § 227(a)(5); *see also* 47 C.F.R. § 64.1200(f)(1) (providing "[t]he term advertisement means any material advertising the commercial availability or quality of any property, goods, or services."). "A fax is an advertisement as long as some portion of the fax advertises the commercial availability of a good or service." *KHS Corp. v. Singer Fin. Corp.,* 376 F. Supp. 3d 524, 528 (E.D. Pa. 2019).  Expanding on these definitions, the FCC has stated that "[o]ffers for free goods or services that are part of an overall marketing campaign to sell property, goods, or services constitute 'advertising the commercial availability or quality of any property, goods, or services.'" *Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 at ¶ 140 (July 3, 2003).

19.    The Third Circuit has ruled that a fax can be construed as an advertisement if it encourages the recipient to use the product more, even where the recipient does not generally purchase the product advertised. In determining the parameters of what is and isn't an advertisement under the TCPA, the court contemplated this type of scenario: "A classic example would be a fax encouraging doctors to prescribe a certain drug more often, even though patients

not doctors normally purchase drugs." *Robert Mauthe, M.D., P.C. v. Nat'l Imaging Assocs.*, 767 Fed. Appx. 246, 250 n.3 (3d Cir. 2019).

20.     Defendant did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

## CLASS ALLEGATIONS

21.     In accordance with Fed R. Civ. P. 23(b)(3), Plaintiff brings this action on behalf of the following class of persons (the "Class"):

> All persons and entities who held telephone numbers that received one or more telephone facsimile transmissions that promoted the commercial availability or quality of property, goods, or services offered by ITF Pharma, Inc.

22.     Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is proper, as more information is gleaned in discovery.

23.     Excluded from the Class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers, directors, agents, servants, or employees of Defendant and the immediate family members of any such person. Also excluded are any judge who may preside over this case and any attorneys representing Plaintiff or the Class.

24.     <u>Numerosity</u>. The Members of the Class are so numerous that joinder is impractical. Upon information and belief, Defendant has sent illegal fax advertisements to hundreds if not thousands of other recipients.

25.     <u>Commonality</u>. Common questions of law and fact apply to the claims of all Class Members and include (but are not limited to) the following:

> (a)     Whether Defendant sent faxes advertising the commercial availability of property, goods, or services;

(b)     The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A as well as other fax advertisements;

(c)     Whether Defendant faxed advertisements without first obtaining the recipient's prior express permission or invitation;

(d)     Whether Defendant sent the fax advertisements knowingly or willfully;

(e)     Whether Defendant violated 47 U.S.C. § 227;

(f)     Whether Plaintiff and the other Class Members are entitled to actual and/or statutory damages;

(g)     Whether the Court should award treble damages; and

(h)     Whether Plaintiff and the other Class Members are entitled to declaratory, injunctive, and/or other equitable relief.

26.     <u>Typicality</u>.  Plaintiff's claims are typical of the claims of all Class Members. Plaintiff received an unsolicited fax advertisement from Defendant during the Class Period. Plaintiff makes the same claims that it makes for the Class Members and seeks the same relief that it seeks for the Class Members. Defendant has acted in the same manner toward Plaintiff and all Class Members.

27.     <u>Fair and Adequate Representation</u>. Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class. Counsel for plaintiffs have agreed, consistent with the Pennsylvania Rules of Professional Conduct, specifically Rule 1.8(e)(1), to advance the court costs and expenses of litigation on their behalf, contingent on the outcome of this litigation.

28.     <u>Predominance and Superiority</u>.  For the following reasons, common questions of law and fact predominate, and a class action is superior to other methods of adjudication:

(a)     Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings;

(b)     Evidence regarding defenses or any exceptions to liability that Defendant may assert will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

(c)      Defendant has acted and continues to act pursuant to common policies or practices in the same or similar manner with respect to all Class Members;

(d)      The amount likely to be recovered by individual Members of the Class does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proof;

(e)      This case is inherently well-suited to class treatment in that:

    (i)      Defendant identified persons or entities to receive its fax transmissions, and it is believed that Defendant's computer and business records will enable Plaintiff to readily identify Class Members and establish liability and damages;

    (ii)      Common proof can establish Defendant's liability and the damages owed to Plaintiff and the Class;

    (iii)      Statutory damages are provided for in the statutes and are the same for all Class Members and can be calculated in the same or a similar manner;

    (iv)      A class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort, and expense;

    (v)      A class action will contribute to uniformity of decisions concerning Defendant's practices; and

    (vi)      As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

### CLAIM FOR RELIEF

### COUNT I
### Violations of the Telephone Consumer Protection Act
*47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*

29.      Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

30.      The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute. Recipients of fax advertisements have a private right of action to

seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

31.     The TCPA makes it unlawful to send any "unsolicited advertisement" via fax unless certain conditions are present. 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

32.     Unsolicited faxes are illegal if the sender and recipient do not have an "established business relationship." 47 U.S.C. § 227(b)(1)(C)(i). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 U.S.C. § 227(a)(2); 47 C.F.R. § 64.1200(f)(6).

33.     Regardless of whether the sender and recipient have an established business relationship, a faxed advertisement is illegal unless it includes an opt-out notice on its first page that complies with the TCPA's requirements. *See* 47 U.S.C. § 227(b)(1)(C)(iii); 47 C.F.R. § 64.1200(a)(4)(iv). To comply with the law, an opt-out notice must (1) inform the recipient that the recipient may opt out of receiving future faxes by contacting the sender; (2) provide both a domestic telephone number and a facsimile machine number—one of which must be cost-free— that the recipient may contact to opt out of future faxes; and (3) inform the recipient that the

sender's failure to comply with an opt-out request within thirty days is a violation of law. *See* 47 U.S.C. § 227(b)(2)(D); 47 CFR § 64.1200(a)(4)(iii).

34.     Defendant faxed unsolicited advertisements to Plaintiff in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

35.     Defendant knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendant to fax advertisements about its products; and (b) that Exhibit A is an advertisement.

36.     Defendant's actions caused actual damage to Plaintiff and the Class Members. Defendant's junk faxes caused Plaintiff and the Class Members to lose paper, toner, and ink consumed in the printing of Defendant's faxes through Plaintiff's and the Class Members' fax machines. Defendant's faxes cost Plaintiff and the Class Members time that otherwise would have been spent on Plaintiff's and the Class Members' business activities.

37.     In addition to statutory damages (and the trebling thereof), Plaintiff and the Class are entitled to declaratory and injunctive relief under the TCPA.

## **REQUEST FOR RELIEF**

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a)     Determine that this action may be maintained as a class action under Fed. R. Civ. P 23;

b)     Declare Defendant's conduct to be unlawful under the TCPA;

c)     Award damages under the TCPA for each violation in the amount of actual monetary loss or $500, whichever is greater, and treble those damages;

d)     Enjoin Defendant from additional violations;

e)     Award Plaintiff and the Class their attorney's fees and costs;

        f)     Grant such other legal and equitable relief as the Court may deem appropriate, including costs and attorney's fees.

## **<u>JURY DEMAND</u>**

Plaintiff and the Members of the Class hereby request a trial by jury.

**Date: March 1, 2021**

Respectfully submitted,

By:

**KENNETH J. GRUNFELD, ESQUIRE**
**GOLOMB & HONIK, P.C.**
PA Identification No.:  84121
1835 Market Street, Suite 2900
Philadelphia, PA  19103
Tel: (215) 985-9177
Fax: (215) 985-4169
kgrunfeld@golombhonik.com

Randall K. Pulliam (to apply *pro hac vice*)
**CARNEY BATES & PULLIAM, PLLC**
519 West 7th St.
Little Rock, AR 72201
Telephone:  501.312.8500
Facsimile:  501.312.8505
rpulliam@cbplaw.com

*Attorneys for Plaintiff*

# EXHIBIT

# "A"



PATIENT SAVINGS PROGRAM ON BACK PAGE



# Womens Choice Pharmaceuticals

# PHARMACY FACT SHEET


NestabsONE


NestabsDHA


Nestabs

| PRODUCT INFORMATION | |
|---|---|
| Product | Nestabs® ONE |
| How Supplied | Bottle of 30 softgel capsules |
| NDC # | 50967-410-30 |

**Item Numbers**
AmerisourceBergen...... 10181135
Cardinal ........................ 5393111
McKesson ..................... 3706702
HD Smith ...................... 5662869
HEB ............................. 599794
Morris & Dickson .......... 059618

| PRODUCT INFORMATION | |
|---|---|
| Product | Nestabs®DHA |
| How Supplied | Carton contains 6 blister cards containing 5 tablets and 5 softgel capsules |
| NDC # | 50967-317-30 |

**Item Numbers**
AmerisourceBergen...... 10092099
Cardinal ........................ 4372983
McKesson ..................... 1932466
HD Smith ...................... 2434157
Kinray ........................... 551-663
Bellco .......................... 403029
Smith Drug.................... 542977
HEB ............................. 255652
Morris & Dickson .......... 865402

| PRODUCT INFORMATION | |
|---|---|
| Product | Nestabs® |
| How Supplied | Bottle of 90 |
| NDC # | 50967-219-90 |

**Item Numbers**
AmerisourceBergen...... 10092098
Cardinal ........................ 4372991
McKesson ..................... 1932250
HD Smith ...................... 2434155
Kinray ........................... 551-838
Bellco .......................... 403011
Smith Drug.................... 542989
Morris & Dickson .......... 865345
RDC .............................. 10668291


Irospan 24/6




Urogesic BLUE

Fem pH.71
Therapeutic Vaginal Jelly


ProCort

| PRODUCT INFORMATION | |
|---|---|
| Product | IROSPAN®24/6 |
| How Supplied | Carton contains 4 blister cards containing 30 tablets (24 light blue tablets and 6 white tablets) |
| NDC # | 50967-126-30 |

**Item Numbers**
AmerisourceBergen...... 10091998
Cardinal ........................ 4373080
McKesson ..................... 1932136
HD Smith ...................... 2434173
Kinray ........................... 592-642
Bellco .......................... 430861
Smith Drug.................... 542951
HEB ............................. 254948
Morris & Dickson .......... 865410
RDC .............................. 10668309

| PRODUCT INFORMATION | |
|---|---|
| Product | Urogesic Blue |
| How Supplied | Bottle of 30 tablets or Bottle of 100 tablets |
| NDC # | 0485-0151-30 (#30) 0485-0151-01 (#100) |

**Item Numbers (#30)**
AmerisourceBergen...... 10148494
Cardinal ........................ 5058276
McKesson ..................... 3244486
HD Smith ...................... 5348933
Morris & Dickson .......... 186775
Smith Drug.................... 706562

**Item Numbers (#100)**
AmerisourceBergen...... 10090139
Cardinal ........................ 4360467
McKesson ..................... 1616523
HD Smith ...................... 1863109
Morris & Dickson .......... 099358
Smith Drug.................... 523803

| PRODUCT INFORMATION | |
|---|---|
| Product | Fem pH™ |
| How Supplied | 50g Tube with Fem pH applicator |
| NDC # | 00813-0799-55 |

**Item Numbers**
AmerisourceBergen...... 10041942
Cardinal ........................ 2904134
McKesson ..................... 1245307
HD Smith ...................... 3604410
Smith Drug.................... 559351
Morris & Dickson .......... 135434
RDC .............................. 10668283

| PRODUCT INFORMATION | |
|---|---|
| Product | ProCort® |
| How Supplied | Each ProCort® Kit Contains (1) 60g tube and (15) Disposable Tapered Applicators |
| NDC # | 50967-357-60 |

**Item Numbers**
AmerisourceBergen...... 10098339
Cardinal ........................ 4489407
McKesson ..................... 2183085
HD Smith ...................... 2495109
Kinray ........................... 586-032
Bellco .......................... 438791
Morris & Dickson .......... 865428
Smith Drug.................... 626929

www.wcpharma.com • Berwyn, PA 19312 • Ph: 800-664-1490 • Fax: 484-318-7392









To all pharmacist, pharmacy techs and staff:

To reduce the possibility of person-to-person transmission of COVID-19, ITF Pharma has suspended live meetings with healthcare professionals and pharmacies until further notice. As a healthcare professional who treats people with conditions addressed by our product portfolio, ITF knows that you are committed to providing your patients with the highest standard of care during this viral outbreak.

ITF Pharma is dedicated to providing support and services for patients. Our portfolio of products will continue to be available at local pharmacies and wholesalers so your patients will have uninterrupted access to their therapy.

Attached to this fax are copies of the vouchers your patients receive from their medical providers or download from our website at www.wcpharma.com
The coupons on this attachment are for you to keep and run as a secondary on your patient prescriptions. The numbers are universal and can be used for all of your patients and have unlimited refills.

Your insured covered patients can receive up to 30 Urogesic Blue tablets for no more than $30 with the coupon. Your cash pay patients will pay $50 for the same 30 tabs.
Procort is $50 for a 60 gram tube for your insured covered patients and $75 for cash payers.
FemPH is $35 for a 50 gr tube for insured covered and $50 for cash pay.

I hope this is helpful for you and your patients. If you have any questions please do to hesitate to reach out to me. Thank you and stay healthy.

Sincerely,
Scott Kennedy
skennedy@itfpharma.com
215-384-5748
www.wcpharma.com

# *EXHIBIT*

# *"B"*

Are you an Attorney? - We need more attorneys in your area ASAP. Apply for membership now!    Ad ···

## Scott Kennedy · 2nd

Sales Representative at ITF Pharma/Women's Choice Pharmaceuticals

Little Rock Metropolitan Area · 176 connections · Contact info

ITF Pharma/Edwards Pharmaceutical, Inc

University of Central Arkansas

[ Connect ]  [ Message ]  [ More... ]

### Highlights

**1 mutual connection**
You and Scott both know Beau B Fleet

### About

I am a growth-focused and service-oriented Sales Representative with expertise in developing sales strategies, presenting products in a competitive manner, and building brand trust to achieve high business retention. I centralize focus on obtaining high conversion rates, upselling, and adding value to customer panels ... see more

### Activity

176 followers

Posts Scott created, shared, or commented on in the last 90 days are displayed here.

See all activity

### Experience

**Sales Representative**
ITF Pharma/Edwards Pharmaceutical, Inc · Full-time
Feb 2012 - Present · 9 yrs 1 mo
Little Rock Metropolitan Area

Pharmaceutical Sales
Allergy, sinus and urinary tract prescription drug sales

**Independent Insurance Agent NPN-1666537**
Equis Financial · Part-time
Sep 2018 - Present · 2 yrs 6 mos
Little Rock, Arkansas, United States

I enhance customer satisfaction by identifying their insurance needs, presenting competitive solutions, and tactfully closing on new business.
I improve on the quality of sale by upselling bundles and incorporating appropriate discounts.
I exhibit a finely-tuned knowledge of various life insurance products and attributes ... see more

**Sales Manager / Sales Representative**
SJ Pharmaceuticals · Full-time
May 2005 - Dec 2011 · 15 yrs 9 mos
Little Rock, Arkansas, United States

I connected clients with affordable and effective pharmaceuticals to relieve their patients' pain and enhance overall satisfaction.
I also served as a Sales Manager for a multi-state territory (MO, LA, and AL) and substantiated high profitability. ... see more

### Education

**University of Central Arkansas**
Bachelor, Business Admin
1981 - 1985
Activities and Societies: Presidential Scholar (Honor BS)

### Skills & endorsements

**Pharmaceutical Sales** · 17
Endorsed by 2 of Scott's colleagues at SJ Pharmaceuticals

**Endocrinology** · 8
Anjum Mushtaq and 8 connections have given endorsements for this skill

**Pulmonology** · 8
Tori Tisdale Morehart and 7 connections have given endorsements for this skill

Show more ∨

### Interests

Pharmaceutical, Biotech, Medical &...
418,026 members

Anheuser-Busch
268,221 followers

Abrysam Pharmaceuticals
88,683 followers

Great Laboratories
543 followers

UAMS - University of Arkansas for M...
25,948 followers

University of Central Arkansas
42,016 followers

See all

Our free goal planner service could help pursue your goals

Planning your future starts with your Finances

[ Get Started ]

**People also viewed**

Crystal Lundberg · 3rd+
Teller at First United National Bank
[ Connect ]

Crystal Lundberg · 3rd+
[ Connect ]

Crystal Lundberg · 3rd+
Purchaser/Business Unit Leader, Reconditioning with a Publicly
[ Connect ]

Daniela Barrios · 2nd
Prospective student, MBA and VMI
Graduate
[ Connect ]

Michael Gunter · 2nd
CLE Manager/Port of Operations
[ Message ]

Show more ∨

**People you may know**

Martin Rosendela
CLO Advisor, Global Advisory Executive
Head of the Capital M Platform
[ Connect ]

Virginia Carrero
Senior Adjunct Business Sharia Asst
Colorado Attorney General's Office
[ Connect ]

Kevin LeFore
Product Specialist Sky Warren USA at
Constraint LLC
[ Connect ]

Nicola Williams
Attorney at Pulaski County
[ Connect ]

Ashleigh Wessing, CPA, CFE
Accounting and Finance Strategic
advisor
[ Connect ]

Show more ∨

Randy, learn what hiring managers look for in answers to top interview questions

Tell me about a time you worked with a difficult person.

Tell me about a time you had to handle pressure.

Tell me about a time you showed leadership.

See all questions ∨

Promoted

Headhunters are searching
for executives with your skills. Join the network for free and be found.

Learn more

Are You an Attorney?
All new legal clients seeking a local attorney now. View their cases today!

Learn more

**Linked** in

About                Accessibility        Talent Solutions        Questions?
Community Guidelines Careers              Marketing Solutions     Visit our Help Center
Privacy & Terms ∨    Ad Choices           Advertising             Manage your account and privacy
Sales Solutions      Mobile               Small Business          Go to your Settings
Safety Center

LinkedIn Corporation © 2021

Select Language
English (English)

 Messaging

## VERIFICATION

KENNETH J. GRUNFELD, ESQUIRE, hereby states that he is counsel for plaintiffs in this action and verifies that the statements made in the foregoing Civil Action Complaint are true and correct to the best of his knowledge, information and belief and that this verification is made with the knowledge, permission and consent of plaintiffs.  Counsel takes this verification for the purpose of assuring the timely filing of this pleading.  The verification of the party-plaintiff will be substituted at a later date.  The undersigned understands that the statements therein are made subject to penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

**GOLOMB & HONIK**

**BY:**

**KENNETH J. GRUNFELD, ESQUIRE**
Counsel for Plaintiff and the Proposed Class

Date: March 1, 2021